IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00164-KDB-SCR

| | |
|---|---|
| JONATHAN SLOAN, | |
| Plaintiff, | |
| v. | **ORDER** |
| GOOGLE, LLC AND ALLIED UNIVERSAL SECURITY SERVICES, | |
| Defendants. | |

**THIS MATTER** is before the Court on Defendants Google, LLC's and Allied Universal Security Services' ("Allied") Motions to Dismiss (Doc. Nos. 4, 10), the Memorandum and Recommendation of the Honorable Magistrate Judge Susan C. Rodriquez ("M&R") entered August 6, 2024 (Doc. No. 14), and Plaintiff Jonathan Sloan's Objection to the M&R and Motion to Amend/Correct Complaint (Doc. Nos. 15, 17). The Court has carefully considered these motions, the M&R, and the parties' filings in support of their respective positions. For the reasons discussed below, the Court will **AFFIRM** the M&R and **GRANT in part** and **DENY in part** Google's Motion to Dismiss and **GRANT** Allied's Motion to Dismiss.

I.     LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

1

to which objection is made." 28 U.S.C. § 636(b)(1) (italics supplied). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265,

286 (1986)). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). The Court, for the purposes of a Rule 12(b)(6) motion, takes all factual allegations as true. *See Ashcroft*, 556 U.S. at 678. However, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

In employment discrimination cases, plaintiffs need not plead a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Instead, the plaintiff is "required to allege facts to satisfy the elements of a cause of action created by that statute." *McCleary-Evans v. Maryland Dep't. of Transp., State Highway Admin.* 780 F.3d 582, 585 (4th Cir. 2015).

## II. FACTS AND PROCEDURAL HISTORY

The M&R comprehensively describes the relevant facts and procedural history of this matter, and no party has objected to those findings. Therefore, the Court affirms and incorporates the facts as stated in the M&R as part of this Order. *See* Doc. No. 14 at 2-5.

In brief summary, Plaintiff was an employee of a company that provided outsourced security services, and Google contracted with Plaintiff's employer (which became Allied in 2021) for Plaintiff to work at Google's datacenter in Lenoir, North Carolina beginning in 2007. This

3

dispute arises out of Google's policies related to COVID-19 vaccinations in 2021. Initially, Google permitted unvaccinated employees to provide a negative test every three days, which Plaintiff did, although he alleges that the tests made him feel ill. Google also provided stars on badges for employees who were vaccinated, which Plaintiff alleges led to his "ridicule," "isolation," and unwanted questions about his religious beliefs. Then in December 2021, Google decided that it would not allow any non-vaccinated security personnel to work at the data center, with no opportunity for accommodation through testing or otherwise. On December 2, 2021, Allied informed Plaintiff that he was terminated from his position with Google, and that Allied would put Plaintiff on unpaid leave as an accommodation. Plaintiff also alleges that in 2022, while he was on unpaid leave, Allied only offered him "incomparable" jobs with longer commutes and did not support him for jobs that required a COVID-19 vaccination, despite the possibility that he might qualify for a religious exemption.

On December 18, 2021, Plaintiff filed administrative charges with the Equal Employment Opportunity Commission ("EEOC") claiming religious discrimination by Google and Allied Universal (the "EEOC Charges"). (Doc. Nos. 5-1 & 10-2). After the EEOC dismissed the claims and sent Plaintiff a "Notice of Right to Sue" (Doc. No. 1-1 ¶ 40), Plaintiff filed this action asserting the following claims: (1) Religious Discrimination Creating a Hostile Work Environment under Title VII of the Civil Rights Act of 1964 ("Title VII") against Google; (2) Religious Discrimination Resulting in Disparate Treatment under the North Carolina Equal Employment Practices Act ("NCEEPA") against Google; (3) Religious Discrimination Resulting in Wrongful Termination under NCEEPA against Google; (4) Civil Conspiracy to Interfere with Civil Rights under NCEEPA against Google and Allied Universal; (5) Religious Discrimination Creating a Hostile Work Environment under Title VII against Allied Universal; and (6) Religious Discrimination

4

Resulting in Constructive Discharge under Title VII against Allied Universal. (Doc. No. 1-1 ¶¶ 42-123). The M&R recommends, for the reasons discussed below, that the Court dismiss claims 1, 3, 4, 5 and 6, but allow Plaintiff's claim 2 to proceed. Plaintiff has filed objections to all the recommended dismissals, arguing the same grounds which he presented to the Magistrate Judge. Google has not filed an objection to the M&R's recommendation on claim 2.

Finally, after the M&R was issued, Plaintiff filed a Motion to Amend/Correct the Complaint. Plaintiff proposes only to amend the Complaint to change his third claim to a federal claim under Title VII rather than his current state law claim, relying on the same factual allegations to support this new claim.

### III. DISCUSSION

#### A. Plaintiff's Title VII Hostile Work Environment Claims

In Plaintiff's First and Fifth causes of action, he alleges that Google and Allied are liable for creating a "hostile work environment" in violation of Title VII. "It is well settled that before filing suit under Title VII . . . a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC." *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022); *Harris v. Am. Airlines, Inc.*, No. 3:17-CV-00280-GCM, 2017 WL 2880400, at *1 (W.D.N.C. July 6, 2017). In the M&R, the Magistrate Judge concluded that Plaintiff failed to file a timely charge with the EEOC with respect to these claims and thus failed to his exhaust his administrative remedies. This Court agrees.

When a plaintiff brings a charge with the EEOC, that charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). Here, Plaintiff complained to the EEOC that he had suffered religious discrimination based on Defendants' failure to accommodate his religious accommodation/exemption requests

with respect to Google's COVID-19 vaccination mandate, but did not assert any claim related to a hostile work environment. Claims of employment discrimination based on a failure to accommodate are distinct from claims based on a hostile work environment. *See Abbott v. Austal USA, LLC*, 2023 WL 3868571, at *14 (S.D. Ala. June 7, 2023) ("[A] Title VII failure to accommodate claim is distinct from other types of Title VII discrimination . . ."); *Thomas v. Nicholson*, 263 Fed. Appx. 814, 815 n. 1 (11th Cir. 2008) (affirming the district court's dismissal of plaintiff's racial harassment claims for failure to exhaust administrative remedies because the EEOC charge alleged only racially discriminatory termination). As a result, Plaintiff did not exhaust his administrative remedies as to his First and Fifth causes of action – the Title VII hostile work environment claims – and those claims will be dismissed.

      **B.**      <u>Plaintiff's NCEEPA Claim for Religious Discrimination Against Google</u>

Plaintiff's Second cause of action alleges religious discrimination under a theory of disparate treatment resulting in wrongful discharge against public policy in violation of the NCEEPA. The M&R found that Plaintiff's Complaint sufficiently pleads this claim for relief, and no party has objected to this conclusion. The Court finds that the M&R is in accordance with the law and accordingly will allow this claim to proceed.

      **C.**      <u>Plaintiff's NCEEPA Claim for Failure to Accommodate Against Google</u>

Plaintiff's Third cause of action alleges that Google violated the NCEEPA by failing to accommodate his religious beliefs. However, as found by the Magistrate Judge, the NCEEPA, unlike Title VII, does not impose upon an employer a duty to provide an employee with reasonable accommodation. *See Head v. Adams Farm Living, Inc.*, 775 S.E.2d 904, 909-10 (N.C. Ct. App. 2015). Further, as also found in the M&R, Plaintiff has not sufficiently alleged a failure to accommodate even under Title VII. *See* Doc. No. 14 at 14.

To state a plausible claim that an employer violated its duty to accommodate under Title VII, a Plaintiff must allege that: (1) he has a bona fide religious belief that conflicts with a job requirement; (2) he informed his employer of this belief; and (3) he was disciplined for failure to comply with the job requirement. *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996)); *EEOC v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 312 (4th Cir. 2008). "[T]o withstand a motion to dismiss, Plaintiff[] [is] obliged to set forth 'sufficient allegations regarding [his] subjective personal beliefs, how those beliefs are related to [his] faith, and how those beliefs form the basis of [his] objection to the COVID-19 vaccination." *Menk v. MITRE Corp.*, --- F.Supp.3d ----, 2024 WL 327087, at *18 (D. Md. Jan. 29, 2024). However, Plaintiff's Complaint (and proposed Amended Complaint) lacks any specifics, except conclusory references, about Plaintiff's beliefs or how they form the basis of his objection to Google's vaccination policy. (Doc. No. 1-1 ¶¶ 48-51-52, 61, 63-66, 77, 102-104, 119); *see Dublin v. UNC Rex Healthcare*, No. 5:22-CV-507-BO-RJ, 2024 WL 252062, at *2 (E.D.N.C. Jan. 23, 2024) (concluding plaintiff's complaint failed to plead a Title VII religious accommodation claim where, among other things, plaintiff failed to identify with any specificity her religious beliefs and how they conflicted with a vaccine mandate); *Menk*, 2024 WL 327087, at *18 (concluding plaintiffs' complaint failed to plead a Title VII failure to accommodate claim where plaintiffs did not allege what subjective religious beliefs they maintain or how those beliefs form the basis of their objection to the vaccine policy). Therefore, Plaintiff has failed to state a claim for failure to accommodate his religious beliefs and his Third cause of action will be dismissed.

**D.**     State Law Civil Conspiracy Claim Against Google and Allied

Plaintiff's Fourth cause of action alleges that Google and Allied engaged in an unlawful civil conspiracy. To state a civil conspiracy claim under North Carolina law, the plaintiff must

7

show: "(1) an agreement between two or more individuals; (2) to do an unlawful act or to a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme." *Mason v. Health Mgmt. Assocs.*, LLC, 421 F. Supp. 3d 237, 248 (W.D.N.C. 2019)); *Noble Bottling, LLC v. Gora LLC*, No. 3:20-CV-00363-KDB-DCK, 2023 WL 4750124, at *2 n.2 (W.D.N.C. July 25, 2023). Thus, "the existence of an underlying tortious act is key to establishing a civil conspiracy." *GB Grp., LLC v. Bulldog Nat'l Risk Retention Grp., Inc.*, No. 5:23-CV-00029-BO, 2023 WL 9514088, at *6 (E.D.N.C. Dec. 27, 2023).

Plaintiff's conspiracy claim relies entirely on Plaintiff's failure to accommodate theory. *See* Doc. No. 1-1 ¶¶ 84-96. As discussed above, the Court finds that Plaintiff's Complaint fails to state a claim for failure to accommodate under North Carolina law because such duty is not recognized in North Carolina nor does the Complaint allege sufficient facts to support a claim even under Federal law. In the absence of an underlying tortious act, Plaintiff's civil conspiracy claim fails. Therefore, Defendants' Motions to Dismiss Plaintiff's Fourth cause of action will be granted.

E. <u>Title VII Religious Discrimination / Constructive Discharge Claim Against Allied</u>

Plaintiff's Sixth and last cause of action alleges that Allied engaged in religious discrimination against Plaintiff that led to his "constructive discharge." "The constructive-discharge doctrine contemplates a situation in which an employer discriminates against an employee to the point such that his 'working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign.'" *Green v. Brennan*, 578 U.S. 547, 555 (2016) (quoting *Pa. State Police v. Suders*, 542 U.S. 129, 141 (2004)). A constructive discharge requires that: (1) the plaintiff was discriminated against by his employer to

8

Case 5:23-cv-00164-KDB-SCR    Document 23    Filed 09/23/24    Page 8 of 12

the point where a reasonable person in his position would have felt compelled to resign; and (2) plaintiff actually resigned. *See* Doc. No. 14 at 15-16.

First, with respect to Plaintiff's claim of religious discrimination, Plaintiff's Complaint fails to allege facts sufficient to support his claim under either a failure to accommodate theory (as discussed above) or a claim of disparate treatment. As to Allied (unlike Google), the Complaint lacks specific allegations that Allied treated non-Christian employees different than Plaintiff. *See A.P. by and through Pyscher v. A.P.*, 598 F.Supp.3d 598, 609 (E.D. Mich. 2022) (dismissing disparate treatment claim brought by Apostolic Pentecostal student where the complaint contained no allegations regarding how non-religious students were treated). Therefore, Plaintiff's claim of disparate treatment against Allied cannot proceed.

Also, the Complaint fails to sufficiently allege that Plaintiff's employment was "intolerable" to the point where a reasonable person would resign. After Plaintiff was terminated by Google, Allied accommodated Plaintiff by allowing him to keep his position, albeit on unpaid leave, while Allied found a new position for Plaintiff. Doc. No. 1-1 at ¶ 115. Allied made efforts to find a new position for Plaintiff with other potential job opportunities and contacted Plaintiff about such other job opportunities. *Id.* at ¶ 116. While Plaintiff did not believe those opportunities were comparable in terms of pay and/or commuting distance, Plaintiff's dissatisfaction with work assignments does not rise to the level of intolerability for purposes of a constructive discharge claim. *Aly v. Yellen*, No. 8:23-CV-01699-AAQ, 2024 WL 2053492, at *13 (D. Md. May 8, 2024) ("Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign.") (quoting *Williams v. Giant Food, Inc.*, 370 F.3d 423, 434 (4th Cir. 2004)).

9

Further, Plaintiff's allegations that his working conditions became intolerable because he "experienced invasive questions and unwanted discussions regarding his religion" are insufficient to establish a constructive discharge. Plaintiff's Complaint lacks any facts that explain why being asked questions about his religion was intolerable. *See Benitez v. Tyson Fresh Meats*, 2022 WL 1283087, at *64 (M.D. Tenn. Apr. 28, 2022) (finding that plaintiff was not constructively discharged where manager asked him questions about his religious beliefs because "[a]sking questions about a particular religion is not necessarily the same as making a slur or speaking derogatorily about a religion."). Therefore, based on his allegations, Plaintiff was not constructively discharged.

### F. Plaintiff's Motion to Amend/Correct Complaint

Finally, as an "alternative" to his objections to the M&R, Plaintiff asks the Court to permit him to file an Amended Complaint. Plaintiff states that the proposed Amended Complaint, "seeks to amend the Complaint to add federal claims, … [specifically a] federal claim[] related to wrongful discharge under Title VII of the Civil Rights Act of 1964 that arise from the same nucleus of facts as the claims initially asserted in this case." [DE #16, p. 2]. Plaintiff's proposed Amended Complaint does not involve the addition of any new defendants or set forth any new facts. The difference between the original Complaint and Plaintiff's Amended Complaint is the Third cause of action, where Plaintiff seeks to replace his state law claim against Google for religious discrimination resulting in wrongful discharge with a Title VII claim of the same name against Google.

While leave to amend a pleading should be, "freely given when justice so requires," *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citing Fed. R. Civ. P. 15(a)), it likewise should be denied where "the amendment would be prejudicial to the opposing party, there

10

has been bad faith on the part of the moving party, or the amendment would be futile," *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)). A motion to amend is futile and should be denied if the amended complaint could not survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (citations omitted).

Whether pled under state or federal law, Plaintiff's Third cause of action alleges that he was discriminated against because Google unreasonably failed to accommodate his religious beliefs. For the reasons described in detail above, Plaintiff has failed to allege facts sufficient to state that claim. Again, in both the Complaint and proposed Amended Complaint, Plaintiff offers only the repeated refrain that he has a "sincere religious belief as a Christian" but provides no specifics whatsoever regarding his subjective personal beliefs, how those beliefs are related to his faith as a Christian, or how those beliefs form the basis of his objection to the vaccine. Accordingly, the proposed amendment to the Complaint is futile as a matter of law and Plaintiff's motion to amend the Complaint will be denied.

While the Defendants removed this matter to this Court based on federal question jurisdiction, with the Court's ruling there is no remaining claim under federal law. Accordingly, if this matter is to continue in this Court, it must be under this Court's diversity jurisdiction under 28 U.S.C. § 1332. Defendants must establish: (1) the parties are of diverse citizenship, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)-(b). Here, there appears to be complete diversity between the parties, yet it is uncertain whether the amount in controversy exceeds $75,000. Therefore, the Parties will be ordered below to show cause why this Court has subject matter jurisdiction over this action.

11

Case 5:23-cv-00164-KDB-SCR    Document 23    Filed 09/23/24    Page 11 of 12

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Objections to the M&R are **OVERRULED** and the M&R is **AFFIRMED**.

2. Google's Motion to Dismiss (Doc. No. 4) is **GRANTED** as to Plaintiff's First, Third and Fourth Claims but **DENIED** as to his Second Claim**;**

3. Allied's Motion to Dismiss (Doc. No. 10) is **GRANTED**;

4. Plaintiff's Motion to Amend/Correct Complaint (Doc. No. 15) is **DENIED**; and

5. The Parties shall on or before 14 days from the date of this Order show cause in a writing filed with the Court that the Court has jurisdiction over this action in light of the Court's ruling.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 23, 2024

Kenneth D. Bell
United States District Judge